R.App. P. 34(a)(2).

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Christopher HUITT, Defendant–**
**Appellant.**

No. 08–30090.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 3, 2009.

Filed March 4, 2009.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

**596**

Anthony G. Hall, Alan G. Burrow, Esquire, Wendy J. Olson, Assistant U.S., Office of the U.S. Attorney, Boise, ID, for Plaintiff–Appellee.

Dennis Michael Charney, Charney & Associates, Eagle, ID, for Defendant–Appellant.

Before PAEZ and RAWLINSON, Circuit Judges, and JENKINS *, District Judge.

## MEMORANDUM **

Appellant Christopher Huitt (Huitt) was convicted of possession, receipt, and distribution of child pornography. Huitt challenges the district court's denial of his motion to suppress, his convictions, and sentence.

1. Relying on *United States v. Weber*, 923 F.2d 1338 (9th Cir.1991), *as amended*, Huitt maintains that the search warrant affidavit failed to establish that Huitt possessed the characteristics of a child pornography collector. However, even if those portions of the affidavit are excised, the balance of the affidavit established the requisite fair probability of finding child pornography on computers located at Huitt's residence. *See United States v. Gourde*, 440 F.3d 1065, 1073–74 (9th Cir. 2006) (en banc); *see also United States v. Kelley*, 482 F.3d 1047, 1055 (9th Cir.2007), *as amended.*

2. There was sufficient evidence supporting the convictions for distribution, receipt, and possession of child pornography. The evidence presented at trial demonstrated a connection between the child por-

nography found on Huitt's computer, the child pornography discovered on a Yahoo! web page associated with Huitt, the Yahoo! accounts corresponding to Huitt's e-mail address, and Huitt's internet chat messages. Viewing this evidence in the light most favorable to the government, "any rational trier of fact could have found [Huitt] guilty of each element of the crime beyond a reasonable doubt." *United States v. Heller*, 551 F.3d 1108, 1113 (9th Cir.2009) (citation omitted). The district court properly denied Huitt's motion for a new trial, as the evidence did not "preponderate[ ] sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred . . ." *United States v. Kellington*, 217 F.3d 1084, 1097 (9th Cir.2000) (citation omitted).

3. The alleged instances of prosecutorial misconduct do not warrant a new trial. Any errors in the prosecutor's opening statement were harmless in view of their relative insignificance. *See United States v. Tarallo*, 380 F.3d 1174, 1194 (9th Cir. 2004). The prosecutor's closing arguments did not rise to the level of plain error in the trial, as they did not "seriously affect[ ] the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Washington*, 462 F.3d 1124, 1136 (9th Cir.2006) (citation omitted).

4. The parties agree that the district court erred when it convicted and sentenced Huitt for both receipt and possession of child pornography. *See United States v. Schales*, 546 F.3d 965, 980 (9th Cir.2008). We reverse and remand to the district court to vacate either Huitt's conviction for possession or for receipt of child pornography, and to resentence Huitt accordingly.

---

* The Honorable Bruce S. Jenkins, Senior United States District Judge for the District of Utah, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**AFFIRMED in part; REVERSED in part; and REMANDED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided   by 9th Cir. R. 36–3.